UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT GROSS,

        Plaintiff,

v.                                                   Case No. 3:18-cv-594-J-39PDB

JULIE JONES, et al.,

        Defendants.
_____

## ORDER

Plaintiff Robert Gross, an inmate of the Florida penal system, initiated this action on April 30, 2018, by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names twenty-two Defendants related to events that he claims arose while he was housed at Jefferson Correctional Institution (JCI), located in Monticello, Florida, which sits in the Northern District of Florida. See Complaint at 5, 8. Plaintiff asserts he suffered injuries to his head and hands following an attack by another inmate. Id. at 15. Following the attack, Plaintiff alleges, Defendants provided inadequate medical care while he was housed at JCI, Columbia Correctional Institution (CCI), and Lake Butler Reception and Medical Center (RMC).[1] Id. at 14-22. As relief, Plaintiff seeks monetary damages and an apology from the Florida Department of Corrections (FDOC). Id. at 7.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a

---

[1] CCI and RMC both are located in the Middle District. Plaintiff is currently housed at Graceville Correctional Facility, located in the Northern District. See Complaint at 2.

complaint if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is due to be dismissed pursuant to this Court's screening

obligation under the PLRA because he attempts to raise claims against Defendants located in the Northern District, and he has failed to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. First, with respect to Defendants located in the Northern District, arising out of conduct that occurred while Plaintiff was housed at JCI, Plaintiff should file a civil rights complaint in that forum. Thus, the following Defendants are due to be dismissed subject to Plaintiff's right to pursue a claim against them in the Northern District of Florida: Warden Hayden, A. Varona, P. Chambers, Carol Dallas, T. King, Joe Kacur, Graham, Tracy,[2] Sgt. Gallon, Deputy Smith. See 28 U.S.C. § 1391(b)(1)-(3) (providing that "a civil action may be brought in (1) a judicial district in which any defendant resides . . . [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Second, as to the remaining Defendants, Plaintiff has failed to state a claim for relief. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham, 654 F.3d at 1175. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action.

---

[2] While Plaintiff names "Tracy" as a Defendant, he includes absolutely no factual allegations as to his/her role in his treatment or actions or inactions that violated his constitutional rights. From an evaluation of the medical records Plaintiff has provided in support of his Complaint, it appears that Defendant Graham and Defendant Tracy, whom Plaintiff names as two different Defendants, are actually one and the same person: Tracy Graham, ER physician. See doc. 1-2 (Emergency Center Report) at 13.

3

Plaintiff asserts that Defendants violated the Eighth and Fourteenth Amendments. See Complaint at 3. However, his allegations against each Defendant, while not only vague and conclusory, do not assert constitutional violations. As to the Defendants who allegedly engaged in offending conduct at RMC or CCI, Plaintiff appears to name them based on three discrete theories of liability: those who treated him, or assisted in treating him, following the inmate attack at JCI; those who hold supervisory positions over medical providers or employees of the FDOC; and those who received, responded to, or interfered with his grievances.

Medical Treatment

Plaintiff names six Defendants who either provided medical treatment or assisted in the provision of medical treatment while he was housed at RMC or CCI: J. Pinero; Nurse Dawson; Polmen, P.T.; J. Baptiste, M.D.; Nutt, M.D., CCI-Annex; and G. Pedroza, M.D., RMC. Though Plaintiff's claims are unclear, at most they amount to an assertion of medical negligence or a disagreement over the nature of treatment provided. Allegations of medical negligence are not cognizable as an Eighth Amendment violation to support a claim under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent,

4

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). A number of the Defendants whom Plaintiff names in their role as medical providers appear to be named only to establish them as witnesses who can verify that he suffered injuries necessitating treatment. In fact, Plaintiff's assertions read more like a chronicle of his medical history related to the injuries he sustained in the inmate attack; he does not attribute to any of the medical providers conduct that rises to the level of deliberate indifference to a serious risk of harm. For example, Plaintiff states that Dr. Pinero "dropped the ball" by recording the wrong date or conflicting dates on a medical report, Dr. Baptiste ordered wrist supports for his hands, Dr. Nutt informed him that a lack of "proper care of his original injuries"[3] caused him to develop carpal tunnel syndrome, and Dr. Pedroza treated him after the removal of his cast.[4] See Complaint at 17, 21-22.

Importantly, Plaintiff does not allege any wrongdoing on the part of these medical providers. He does not allege, for example, that these medical providers refused to treat him or rendered grossly incompetent or inadequate care. The closest Plaintiff comes to asserting any wrongdoing related to his medical treatment at RMC or CCI is with respect to Dawson and Polmen. Plaintiff asserts that Nurse Dawson refused to refer him to a specialist, and that Polmen discontinued physical therapy due to his "poor progress." Id. at 18. Even reading Plaintiff's allegations liberally, as this Court must do, he does not state a cognizable Eighth Amendment claim. At most, he asserts that he disagrees with Dawson and Polmen's opinions or decisions related to his medical care and course of treatment. Alleging a "simple difference in medical opinion," however, does not state a

---

[3] Plaintiff does not attribute the lack of proper care to Dr. Nutt. See Complaint at 22.
[4] Plaintiff asserts that two nurses who treated him at JCI negligently applied the cast, causing pain and tissue damage. See id. at 17. He does not attribute any lack of care to Dr. Pedroza. Id. at 21.

5

deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007). Plaintiff does not allege an outright denial of medical care or a refusal to treat him. In fact, his allegations and supporting exhibits detail that he has received extensive medical treatment, while at three different institutions, including physical therapy. See Complaint; Doc. 1-2 at 1-25. Thus, he has failed to state a claim for relief against the Defendants named with respect to the provision of medical care at RMC and CCI, and they are due to be dismissed.

Supervisory Defendants

Plaintiff names three Defendants solely in their roles as supervisors: Julie Jones; Corizon; and Centurion[5]. As a preliminary matter, to the extent Plaintiff treated with medical staff employed by Corizon while he was housed at JCI, his claim should be raised in the Northern District. However, since Plaintiff names Corizon only with respect to its role as a supervisory entity over "medical staff," and because some medical providers employed by Corizon treated Plaintiff at CCI, Corizon will be addressed here. Plaintiff asserts that he is dissatisfied that the Corizon doctor only provided braces for his hands, which he feels does not meet "proper care," and he believes the "medical staff" provided negligent medical care for the injuries he sustained in the inmate attack. See Complaint at 14. Similarly, Plaintiff alleges Centurion's medical staff neglected his medical condition while he was housed at CCI, and he further alleges that Centurion has engaged in "fraud" with respect to his medical records.[6] Id. at 15. With respect to Julie Jones, Plaintiff alleges that she denied him "a just and proper remedy to date," after he appealed to her office

---

[5] Plaintiff identifies this Defendant as "Centorion Health Care." See Complaint at 2.
[6] Plaintiff alleges that medical records are missing from his file, and implies that both Defendants Nutt and Pedroza are aware of the contents of the missing records. See Complaint at 21.

6

the institutions' rulings on his grievances.[7] See id. at 14.

To the extent Plaintiff names Jones, Corizon, and Centurion in their role as supervisors of other actors, Plaintiff's claim against them fails. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in [her] individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' Alternatively, the causal connection may be established when a supervisor's 'custom or policy ... result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012) (affirming summary judgment in favor of a defendant sued "only in his supervisory capacity" because the plaintiff asserted no allegations that the defendant participated in the action or that he was causally

---

[7] Plaintiff's claim against Julie Jones is based on her status as a supervisor and also with respect to his filing grievances with her office. Under either theory of liability, Plaintiff has failed to state a claim for relief. Liability based on filing grievances is addressed below in this Order.

7

responsible for any violations); Harvey v. City of Stuart, 296 F. App'x 824, 826 (11th Cir. 2008) (per curiam) (affirming the dismissal of a § 1983 action against a municipality because the plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint").

Plaintiff does not allege that Jones personally participated in the alleged denial of his constitutional rights. Furthermore, with respect to Corizon and Centurion, Plaintiff has not alleged that individual medical providers are responsible for an underlying constitutional violation in the first instance; thus, the supervisory entities cannot be said to have participated in or caused any such constitutional violations. See Ross v. Corizon Med. Servs., 700 F. App'x 914, 917-18 (11th Cir. 2017) (citing Craig v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011) (holding the plaintiff failed to provide evidence that Corizon had a custom or policy that caused his injury or that the individual medical providers acted with deliberate indifference). Plaintiff also does not allege that Jones, Corizon, or Centurion had a policy, practice, or custom that resulted in constitutional violations, or that they were aware of widespread abuse by others. See Complaint. Because Plaintiff does not state a claim against Jones, Corizon, or Centurion, they are due to be dismissed from this action.

Grievances

In addition to Julie Jones, Plaintiff names two Defendants in their role as grievance responders: R.E. Woodall, Assistant Warden of CCI-Annex; and Collins, Grievance Coordinator for FDOC. Plaintiff alleges that Defendant Woodall was "aware" of the medical treatment issues he experienced because Woodall responded to some of his

8

grievances. See Complaint at 17; Doc. 1-2 at 25, 31, 34, 36. And Plaintiff alleges that Defendant Collins denied some of his grievances as untimely. Id. at 19. To the extent that Plaintiff sues these Defendants to express his dissatisfaction with the grievance process or the responses he received to his grievances, Plaintiff has failed to state a claim for relief. See Bingham, 654 F.3d at 1177 ("[A] prison grievance procedure does not provide an inmate with a constitutionally protected interest."). The denial of a prison grievance does not amount to a federal constitutional violation under § 1983. See Jones v. Eckloff, No. 2:12-cv-375-FTM-29DN, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.")). Therefore, Plaintiff's claims against Woodall and Collins are due to be dismissed.

Finally, Plaintiff names one additional Defendant in connection with his grievances: P.E. White, Sgt./Lt. at CCI. Plaintiff alleges Defendant White attempted to "deter" Plaintiff from filing grievances by confiscating his grievance documents during a cell search. Id. at 18-19. Plaintiff does not allege that White confiscated his grievances or other papers at the direction of prison officials, but rather alleges that White "took [it] upon himself" to do so. Id. at 19. Plaintiff has not stated a claim under the Fourteenth Amendment for a due process violation because he has an adequate post-deprivation remedy available (a state claim for conversion), and he was able to file a grievance reporting the incident and

9

seeking return of the missing documents.[8] See Mines v. Barber, 610 F. App'x 838, 840 (11th Cir. 2015) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) (affirming dismissal of the plaintiff's Fourteenth Amendment claim for deprivation of property because he filed a grievance with the prison and had available a state civil cause of action for conversion)). See also Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Therefore, Defendant White is due to be dismissed from this action.

In light of the foregoing, Plaintiff's Complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to his right to file a new case.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt. If Plaintiff chooses to file a new complaint, he may do so only with respect to individuals whom he asserts violated legally-cognizable constitutional rights while housed at CCI or RMC, as outlined in this Order. Any claims arising out of conduct that occurred while he was housed at JCI or related to actions taken by individuals at JCI should be pursued in a claim filed in the Northern District of Florida,

---

[8] See doc. 1-2 (Inmate Request) at 33.

Tallahassee Division.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of May, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Robert Gross